## J. H. WERNER v. PEN ARGYL IMP. CO.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY.

Argued March 10, 1890—Decided March 24, 1890.

(*a*) The plaintiff bought from an incorporated land company certain lots alleged by the company's agent through whom the purchase was made to be within the limits of a borough, receiving from the agent a deed which also described the lots as situate within the borough limits.

(*b*) After the plaintiff began to build upon the lots, he was informed that the lots were outside the borough, and, complaining thereof to the agent who sold them to him, stated that he would stop building. The agent and the secretary of the company then made an agreement upon the faith of which the plaintiff proceeded.

(*c*) This agreement was to the effect that if the lots were not within the borough limits at the end of two years, the company would refund the purchase money paid for them; and, two years having elapsed, the plaintiff brought suit against the company for its refusal to perform its engagement:

1. In such case, the jury having found the fact that the lots were outside the borough limits, the company was bound by the agreement to refund the purchase money, and the damages for the breach of it were liquidated by the parties by the amount of the purchase money with interest.

Statement of Facts.

Before Paxson, C. J., Sterrett, Green, Clark and Williams, JJ.

No. 471 January Term 1889, Sup. Ct.; court below, No. 4 October Term 1886, C. P.

On August 10, 1886, Joseph H. Werner brought case against the Pen Argyl Land Improvement Company. Issue.

At the trial on March 28, 1889, the case shown was in substance as follows: On May 9, 1884, the plaintiff, through one Westbrook, the agent or manager of the Pen Argyl Land Improvement Company, the defendant, purchased three lots of ground alleged to lie within the limits of the borough of Pen Argyl. The deed of the defendant company, dated that day, was delivered by the agent to the plaintiff, the latter giving, for the consideration to be paid, his note for $625, payable to the order of Samuel M. Schenck, the company's secretary, three months after date. The plaintiff at once began to build upon the lots. On May 22, 1884, having been informed that the lots were outside the borough limits, he complained about the matter to Westbrook, who assured him that the lots were within the borough, but he was not satisfied and stated that he would not go on with his building. Thereupon Westbrook drew and executed an agreement, on the part of the defendant company, in substance to the effect that if the lots were not within the borough, the company would hold the plaintiff's note for two years, and in the meantime endeavor to get them in; and, if at the end of two years the lots were not in the borough, the note should be considered paid and should be returned to the plaintiff. This agreement was not under seal, and it was signed, "Pen Argyl Land Improvement Company, by H. Westbrook, agent."

On June 2, 1884, the plaintiff communicated with Mr. Schenck, and the latter wrote in reply that·he had parted with the plaintiff's note and wished to have Mr. Westbrook's agreement modified as follows: "If the borough lines are not extended as he agreed, then I will agree that the amount of your note be refunded to you, you agreeing on your part to do all you can towards having the borough lines extended." This was satisfactory to the plaintiff, who went on and completed his improvements.

Charge of Court below.

The note of the plaintiff was paid by him at maturity to the holder of it, and the defendant company refusing, after the lapse of two years, to carry out the agreement to refund the amount of the note, this action was brought. The matters in controversy were (1) whether the lots were in or out of the borough, and (2) whether Westbrook or Schenck, or both of them, had authority to bind the company to return the purchase money of the lots.

At the close of the testimony, the court REEDER, J., instructed the jury at length, and answered the points presented as follows:

The plaintiff requests the court to charge:

1. The agreement between the parties, by which defendant company was to repay the amount of the note, if the lots sold were not within the borough limits within two years from the date of the agreement, liquidated the damages; and if the jury find that the lots were not within the borough at the expiration of the time agreed upon, their verdict must be found for the amount so fixed by the parties, with the interest.

Answer: This point is affirmed.[1]

2. If the jury find that such an agreement was made and that the lots are not within the borough limits, their verdict must be for the plaintiff for the amount of the note paid by him, with interest from the date of such payment.

Answer: This point I affirm, with the qualification that if such an agreement was made by the parties having the authority or power to make it.[2]

3. If the jury find defendant company liable in damages, such damages must be compensatory, and their measure is the principal of the note for purchase money with interest.

Answer: This point I affirm.[3]

The defendant requests the court to charge:

1. Under the law and the evidence in the case the verdict must be in favor of the defendant.

Answer: This point I deny.[4]

The jury returned a verdict in favor of the plaintiff for $798.43. Judgment having been entered, the defendant took this appeal, filing twenty-seven specifications of error, inter alia,

Syllabus.

1–3. The answers to the plaintiff's points.[1 to 3]
4. The answer to the defendant's point.[4]

*Mr. T. F. Emmens*, for the appellant.

Counsel cited: (1) Rodgers v. Olshoffsky, 110 Pa. 147; F. & M. Bank v. Galbraith, 10 Pa. 490; Cronister v. Cronister, 1 W. & S. 442. (2) Hays v. Lynn, 7 W. 525; Moore v. Patterson, 28 Pa. 505; Am. Life Ins. Co. v. Shultz, 82 Pa. 46; Union Ref. Co. v. Bushnell, 88 Pa. 89; B. & O. Relief Ass'n v. Post, 122 Pa. 597.

*Mr. W. H. Armstrong*, for the appellee.

PER CURIAM:

We are unable to see the necessity of twenty-seven assignments of error in this case. There was one question of fact, viz., was the property outside the borough limits? and, if so, there was the further question of law, whether the parties by their agreement had liquidated the damages by the amount of the note. The jury have found the question of fact in favor of the plaintiff below, and we think the court ruled the question of law correctly. We notice nothing in the other assignments which requires discussion.

Judgment affirmed.