# Holz *v.* Smyth, Appellant.

*Vendor and vendee—Sale of land—Construction of contract.*

1. An agreement for the sale of real estate signed by the purchaser as agent without disclosing a principal contained a provision that "the. premises are to be conveyed clear of incumbrances, except that the party of the first part assumes no liability to deliver the property free from the possession of its present occupants. The title is to be good and marketable, and such as will be insured by any reputable title insurance company." There was evidence that several trust companies had refused to insure the title, but the evidence was conflicting as to whether it was due to a defect in the title, or was due to an objection based on the possession of the present occupants. The defendant presented a point attempting to give the gist of the agreement, but failing to embody the provision as to the title insurance. The object of the point was to secure a construction of the agreement. The plaintiff testified that he was acting for himself, had paid his own money as hand money, and had no principal. In an action to recover back the hand money *Held* (1) that the case was for the jury; (2) that there was no sufficient evidence to warrant a submission of the question of agency to the jury and (3) that the defendant's point was properly refused.

2. In the above case it appeared that both plaintiff and defendant signed a receipt for the hand money, the receipt embodying the provision "title to be good and marketable. . . . Purchaser to take subject to possession of present occupants." The money paid was to be refunded if no settlement was made. There was evidence that the parties regarded the receipt as only temporary, and was to be followed by a formal agreement. *Held* (1) that there was nothing inconsistent between the receipt and the agreement; (2) that the agreement took the place of the receipt; and (3) that the agreement was not nudum pactum.

Argued Oct. 16, 1914. Appeal, No. 41, Oct. T., 1914, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1911, No. 2,232, on verdict for plaintiff in case of Leon Holz and Alexander Rosenblum v. Charles L. Smyth. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover back hand money. Before KINSEY, J.

84          HOLZ v. SMYTH, Appellant.

From the record it appeared that on December 8, 1910, the parties executed the following paper:

"Received of Leon Holz and Alexander Rosenblum two hundred and fifty dollars on account of consideration of nine thousand dollars to be paid by them or their assigns for purchase of premises 27 South Seventeenth street, Phila. Title to be good and marketable— Settlement to be made on or before December 31st, 1910, or money paid on account to be refunded. Purchaser to take subject to possession of present occupants.

C. L. SMYTH, Attorney,<br>
"L. HOLZ, Agent,<br>
"ALEXANDER ROSENBLUM."

On December 10, 1910, the parties executed the following agreement under seal and signed exactly as the receipt:

"Agreement, made the eighth day of December A. D. 1910, between Charles L. Smyth of the first part, and Leon Holz and Alexander Rosenblum of the second part, as follows, to wit: The said party of the first part agrees to sell and convey to the said party of the second part, who agree to purchase all that certain lot and piece of ground with the three-story brick house thereon erected, No. 27 South Seventeenth street, Philadelphia. . . . The parties of the second part agree to pay for the said property the sum of nine thousand dollars; two hundred and fifty dollars thereof at the time of signing this agreement, and the balance at the time of settlement which, it is agreed, shall be made on or before December 31st, 1910. In the event of default in the performance of this agreement by the parties of the second part the deposit money of two hundred and fifty dollars shall be retained by the party of the first part as liquidated damages, without any right or claim to recover other or further sum from the parties of the second part. The premises are to be conveyed clear of incumbrances

except that the party of the first part assumes no liability to deliver the property free from the possession of its present occupants. The title is to be good and marketable and such as will be insured by any reputable title insurance company."

The plaintiff was not able to secure title insurance, and sued to recover the hand money. Other facts appear by the opinion of the Superior Court.

Defendant presented the following points:

1. If from the evidence you find that at the time Leon Holtz, one of the above plaintiffs, made the agreement with defendant, he was acting as agent, then and in such case he is not entitled to maintain this suit in his own name, and your verdict must be for the defendant. *Answer:* Refused. [6]

2. If from the evidence you find that on December 8, 1910, plaintiffs and defendant entered into the agreement contained and set forth in defendant's affidavit of defense, and thereafter, at a later time, entered into the agreement marked exhibit "A" and annexed to plaintiffs' statement of claim, and that both agreements provided for the sale of the same property at the same purchase money, then and in such case there was no consideration moving to defendant for the execution of the agreement annexed to plaintiffs' statement of claim, marked exhibit "A," and the said agreement is nudum pactum, and, therefore, void. *Answer:* Refused. [7]

3. If from the evidence you find that plaintiffs purchased the interest of Anna R. Bradley at sheriff's sale on December 5, 1910, for $3,100, and that thereafter, on December 8, 1910, plaintiffs entered into an agreement in writing with defendant, wherein and whereby they agreed to purchase and defendant agreed to sell premises 27 South Seventeenth street for the sum of $9,000, title to be good and marketable, settlement to be made on or before December 31, 1910, or money paid on account to be forfeited, and purchaser to take subject to possession of present occupants;

that by mutual agreement between plaintiffs and defendant said time for settlement was extended from time to time; that it was agreed between plaintiffs and defendant, not in writing, that plaintiffs would assign to defendant the bid of $3,100, which they had made for said premises, and would cause a deed to be made by the sheriff to defendant for the interest and title of said Anna R. Bradley which they had purchased at said sheriff's sale, and that defendant would obtain the outstanding title in said premises, and thus holding both titles, should convey the same to plaintiffs under and in accordance with said written agreement; that plaintiffs thereafter, in violation of said agreement, assigned their bid for said property at said sheriff's sale to one William R. MacDougal thereby rendering it impossible for them to carry out their part of the agreement with defendant; that defendant in consummation of his part of the agreement secured said outstanding title and tendered a deed therefor to defendants, which tender was refused, then and in such case plaintiffs have broken their contract with defendant, and are not entitled to a return of the $250 down money paid thereunder. *Answer:* Refused. [8]

Verdict and judgment for plaintiff for $292.50. Defendant appealed.

*Errors assigned* among others were (6, 7, 8) above instructions, quoting them.

*R. H. Duane*, with him *Ormond Rambo*, for appellant. —Plaintiff cannot maintain the action in his own name on a contract executed by him as agent for another: Hennessy v. Anstock, 19 Pa. Superior Ct. 644.

The third point was improperly refused: Repp v. Reynolds, 53 Pa. Superior Ct. 567.

A stipulation contained in an agreement to convey real estate cannot be enforced, when made without consideration, and a prior valid contract to convey already

exists: Erny v. Sauer, 234 Pa. 330; Cleaver v. Lenhart, 182 Pa. 285.

Under the request for binding instructions, it was the duty of the court to instruct the jury, as a matter of law, that the plaintiffs had not shown any right of recovery under the writing sued upon: Maust v. Creasy, 42 Pa. Superior Ct. 633; Schiavoni v. Dubuque Ins. Co., 48 Pa. Superior Ct. 252; Sechrist v. Dallastown Boro., 45 Pa. Superior Ct. 105; McCurdy v. Orient Ins. Co., 30 Pa. Superior Ct. 77; Fire Assn. v. Williamson, 26 Pa. 196; Hertzog v. Hertzog, 29 Pa. 465; Cox v. Freedley, 33 Pa. 124; Sargeant v. Nat. Life Ins. Co., 189 Pa. 341; Shafer v. Senseman, 125 Pa. 310; Forrest v. Nelson, 108 Pa. 481; Williamson v. McClure, 37 Pa. 402; Watson v. Blaine, 12 S. & R. 131; Brown v. German-American, etc., Trust Co., 174 Pa. 443.

*Stanley Folz*, with him *Leon H. Folz*, for appellees.— The contract in the present case provided not only that "the title is to be good and marketable" but also that it should be "such as will be insured by any reputable title insurance company." Such a provision in a contract, unqualified, entitles a purchaser to title insurance by a title company: La Torre v. Edelsman, 22 Pa. Dist. Rep. 845; Perkinpine v. Hogan, 47 Pa. Superior Ct. 22; Meyers v. Catawissa Coal Co., 219 Pa. 1.

OPINION BY TREXLER, J., February 24, 1915:

There was an agreement for the sale of real estate between the parties which contained the following provision, "the premises are to be conveyed clear of incumbrances, except that the party of the first part assumes no liability to deliver the property free from the possession of its present occupants. The title is to be good and marketable and such as will be insured by any reputable title insurance company."

This present suit is brought for the recovery of the down money deposited by the plaintiff, for the reason,

as he alleges, that he was unable to procure insurance from any reputable title insurance company. At the trial of the case there was a conflict of testimony. A number of trust companies had been asked to insure the title and declined, but the testimony of the witnesses differed as to the reason which induced the companies to refuse to insure. The court held that if the jury found that the title companies declined to insure the title because of what they considered a defect in it, the plaintiff had the right to recover back his $250, for there was a failure to perform the conditions imposed by the agreement. If, however, the only reason for the failure to insure the title was the objection to the possession of the present occupants, then the plaintiff could not recover. There was testimony sufficient to support either finding. The jury found in favor of the plaintiff. We do not think that the court could have settled the question as a matter of law. It is true, the construction of the agreement was for the court, but there being a dispute as to the testimony the decision necessarily went to the jury. The plaintiffs were entitled to have a good and marketable title, such as would be insured by any reputable title insurance company, barring the possession of the present occupants. Such insurance, the jury found, the plaintiffs were unable to procure.

The construction that the court put upon the agreement was as favorable to the defendant as he could reasonably ask. It was in accordance to the request contained in his third point which the trial judge affirmed.

It appeared that the plaintiff, Holz, signed the original receipt as well as the agreement upon which suit was brought as agent, and also at a certain point in the proceedings filed a writing with the sheriff in making a bid for the property as agent for Eva Demp. Holz, however, testified upon the trial that the use of the name of Demp was simply for purposes of his own; that

he wished to have a mortgage given upon the property which mortgage she was to execute, but that he was the actual principal in the matter, paid his own money, and was the only one interested. The receipt and agreement which he signed as agent did not disclose the principal. The court was right in holding there was no sufficient evidence of agency to warrant a submission of that fact to the jury. Furthermore, it does not appear that the rights of the defendant in the matter are in any way affected.

Objection is made that the court erred in declining defendant's third point. The court declined this point "because of its confusion, ambiguity and assumption of facts which the jury must determine." The fact that the point assumed certain facts would not be a valid reason for the court to overrule it, if there were testimony in the case which if believed, would support the facts alleged. The facts assumed, however, were not properly stated in the point submitted. The defendant attempted to give the gist of the agreement of writing, or the contract which was the basis of the suit, but omitted in his reference to it, the very point which caused the trouble between the parties and that is that the title should be such as would be insured by any reputable title insurance company. The reference to the written agreement may not have been necessary to the proposition he wished the court to affirm but as he saw fit to incorporate it in the point he should have included all its essential parts. The statement therefore contained in the proposition was incomplete and the court was right in declining the point.

The other point urged by the defendant is that since there was a receipt given for $250, for which suit is brought, that the agreement which was afterwards entered into between the parties was nudum pactum. It appears, however, from the testimony in the case that at the time the receipt was given it was only regarded as temporary and that the parties had in contemplation an

agreement to be drawn by an attorney which was to take the place of the temporary receipt. There is nothing inconsistent between the receipt and the agreement. The receipt provides for a good and marketable title, the purchaser to take subject to the possession of the present occupants. The agreement amplifies this thought and expresses what the intention of the parties was in this regard; that the title to be good and marketable was such as a reputable title insurance company would insure. The second agreement took the place of the first. It was signed and sealed and therefore a valid consideration is implied and want of consideration is not a valid defense to an action upon it: Clymer v. Groff, 220 Pa. 580.

The other objection urged by the defendant is that the court did not give binding instructions for the defendant. This objection has already been covered and needs no further reference.

All of the assignments of error are overruled and the judgment is affirmed.