## Shamlian et al., Appellants, *v.* Waxman.

*Contracts—Real estate—Sale of real estate—Agreement of sale —Offer to cancel—Notice of probable breach.*

A mere notice of an intended breach of contract is not in itself a breach of the contract. It may become so, if accepted and acted upon by the other party. If not accepted, it may be withdrawn at any time before performance.

In an action to recover money paid on account of the sale of real estate, it appeared that after the articles of agreement had been signed the vendor advised the vendees that his wife would not join in the conveyance and offered to return the money paid on account. The vendees would not accept the offer of cancellation, but threatened to hold the vendor in damages for his failure to comply with the terms of the contract. Later, but before the date fixed for transferring title, the vendor notified the vendees that his wife had consented to sign the deed. The plaintiffs did not prepare and tender a deed in accordance wtih the provisions of the agreement.

*Held:* that the plaintiffs were in default and could not recover back their deposit money or expenses.

Argued October 12, 1922. Appeal, No. 131, Oct. T., 1922, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., June T., 1920, No. 1098, directing a verdict in favor of defendant in the case of Martin Shamlian and Aved Hagazian v. Abe Waxman. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover money paid on account of sale of real estate. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

74 SHAMLIAN et al., Appellants, *v.* WAXMAN.

Statement of Facts—Opinion of the Court. [80 Pa. Superior Ct.

The court directed a verdict in favor of the defendant. Plaintiffs appealed.

*Errors assigned* were refusal of plaintiff's motion for judgment non obstante veredicto, refusal to grant a new trial, and in directing a verdict for the defendant.

*Joseph L. McAleer,* and with him *John N. Ouzounian,* for appellants.

*Abraham Wernick,* of *Evans, Forster and Wernick,* for appellee.

OPINION BY KELLER, J., November 23, 1922:

This is a close case, but upon full consideration of the evidence and the interesting arguments of counsel, we are not satisfied that the action of the court below in directing a verdict for the defendant was wrong.

The defendant, on March 1, 1920, agreed in writing with the plaintiffs to sell them certain real estate in the City of Philadelphia for the sum of $18,000, of which $1,000, paid at the signing of the agreement, was to be forfeited to the seller as liquidated damages in case the purchasers made default in the performance of the terms of the agreement. The contract was to be performed within ninety days from the date of the agreement, "said time to be the essence of this agreement," unless extended in writing.

On March 20, 1920, defendant wrote the plaintiffs the following letter: "I beg to advise you that my wife absolutely refuses to join in the conveyance of premises, 26 North 60th Street, which has been sold to you, and refuses to approve of the agreement, and she has stated that she absolutely refuses to sign a deed. I have been trying to induce her to agree to sell ever since we made the agreement and she refuses to do it. Under these circumstances, I deem it my duty to advise you not to proceed any further and incur any more expenses, as I acted in

absolute good faith. I am perfectly willing to return to you the $1,000 deposited with me, and the expenses that you incurred, if you did incur any, for ordering title insurance, and if you will tell me where I can meet you I shall return to you the said amount. If you desire to talk to my wife, you have the privilege of doing so, and maybe you can convince her to the contrary. Yours very truly, Abe Waxman."

This was an announcement by defendant of the fact that his wife refused to join in the deed and an offer on his part then and there to cancel the agreement and pay plaintiffs the deposit money, $1,000, and any expenses in connection with the title insurance which they had incurred. It was in no sense a refusal on his part to carry out the agreement as far as he was able to, and it suggested his entire willingness to perform in strict accordance with the contract if they could persuade his wife to sign the deed. Had the plaintiffs accepted the offer of cancellation thus tendered they would have been entitled to a return of their deposit money and payment of their title insurance expense, and in all probability we should not have this case before us. But they did not agree to a cancellation of the contract. It still had seventy days to run and under its terms might be extended for ninety days longer upon their paying $300 more. Instead they acted upon defendant's suggestion that they try to persuade his wife to sign the deed. Three times they called to see her, representing that they had sold the property to a third person and that unless she joined in the deed it would cause them much embarrassment and great expense, but she would not agree to do so.

On May 8, 1920, when the contract had twenty-one days yet to run, plaintiffs' attorney wrote the defendant the following letter: "I represent Mr. Martin Shamlian and Aved Hagazian in the matter of agreement of sale of premises 26 N. 60th Street. They have also handed me your letter stating your inability to comply with the terms of said agreement. My clients have sustained con-

siderable losses through your failure to carry out said agreement and they have authorized me to say that unless you make immediate arrangements to reimburse them for their losses appropriate legal action will be taken against you. Please call at this office immediately or if you are represented by an attorney refer this letter to him. Very truly yours, John N. Ouzounian."

It will be noted that this is not an acceptance of defendant's offer to cancel the agreement. As he had made no withdrawal of that offer, it was still open for acceptance and had plaintiffs, even at that date, agreed to it and so notified him, he would have been bound to pay back the thousand-dollar deposit as well as their title insurance expense. But plaintiffs, apparently, at that time were not satisfied to call the transaction off upon repayment of these sums. They spoke of further and considerable losses, probably growing out of their agreement to sell the property to a third party. This threat of litigation did what all their combined efforts had been unable to accomplish. With this letter Mr. Waxman and his attorney persuaded Mrs. Waxman to agree to join in the conveyance of the property and accordingly, on May 19, 1920, Mr. Waxman's attorney wrote plaintiffs' attorney as follows: "I understand that you represent Martin Shamlian and Aved Hagazian, purchasers of premises 26 North 60th Street, Philadelphia. On March 20, 1920, my client, the owner, A. Waxman, sent your clients a letter advising them that his wife refuses to sign the deed and asking your clients to talk to his wife and perhaps convince her to the contrary. Since that time my client has ascertained that your clients claim to have resold the said premises and by reason thereof and in order to enable your clients to carry out their agreement of sale, both my client and myself, after a lot of persuasion have induced Mrs. A. Waxman to agree to the conveyance so as not to involve your clients in damage suits. Under those circumstances I hereby ad-

vise you that Abe Waxman and his wife, are ready to sign a deed for the said premises and comply with the terms of the agreement of sale and we shall expect your clients to comply with said agreement of sale and advise him of the date when settlement will be fixed.  Yours very sincerely, Abraham Wernick."

This constituted a withdrawal of defendant's offer of cancellation of the contract, and was delivered to the plaintiffs before any acceptance of it by them; and it was distinct notice to the plaintiffs ten days before performance of the contract could be required that the defendant would be in a position to carry out the contract and that performance of it would be required of them.

The agreement provided that the purchasers should prepare and tender the deed.  They did nothing, but sought in this action a return of their deposit money, $1,000, and $25 paid for examination of the title to the real estate.

The defendant's letter of March 20th was not of itself a breach of the contract.  It was rather notice of a probable breach, unless his wife could be persuaded to change her mind, and an offer to cancel the contract if the appellants desired to do so.  (A mere notice of an intended breach of a contract is not of itself a breach of the contract.  It may become so if accepted and acted upon by the other party.  If not accepted it may be withdrawn at any time before performance is in fact due: Barber Milling Co. v. Leichthammer Baking Co., 273 Pa. 90; Zuck v. McClure, 98 Pa. 541.

The defendant's offer to cancel the contract was never accepted by the plaintiffs and was withdrawn before performance could be required, and, ten days before performance was due, notice was given them by defendant that the contract would be fulfilled and enforced.  We are of opinion, under this state of facts, that the plaintiffs were bound to perform the stipulations of the contract and, not having done so, were in default and could not recover back their deposit money and expenses: San-

ders v. Brock, 230 Pa. 609. The court below rightly directed a verdict for the defendant and did not err in entering judgment thereon.

The judgment is affirmed.