## Culbertson v. Tricker, Appellant.

Argued October 10, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Joseph J. Tunney,* and with him *Robert Brannan,* for appellant.—The earlier provisions of the contract providing for payment of the consideration in cash cannot be displaced by later provisions repugnant thereto. Harrity v. Continental-Equitable Trust Co., 280 Pa. 237; McMillin v. Titus, 222 Pa. 500; Albright v. Lafayette B. & L. Assn., 102 Pa. 411; Willock's Estate, 58 Pa. Superior Ct. 159; Lowry, Trustee v. Hensal's Heirs, 281 Pa. 572.

*Nathan Griffith,* for appellee, cited: Freeman v. Cohen, 89 Pa. Superior Ct. 431; Dobkin v. Landsberg, 30 Dist. Rep. 124; Golden v. Tentzer, 92 Superior Ct. 202; Ritter v. Hill, 282 Pa. 115.

Opinion by Cunningham, J., January 25, 1929:

The parties of this litigation stated their case for the opinion of the court below; that tribunal entered judgment in favor of the plaintiff and the defendant has appealed. Plaintiff sought to recover from defendant $1,200 paid as deposit money under a written agreement in which defendant agreed to sell plaintiff the property at the northeast corner of 41st and Chancellor Streets in the City of Philadelphia. The agree-

ment was dated July 9, 1924, and the consideration, as fixed and divided into securities and cash in the third paragraph, was $57,000—$1,200 cash at signing of the agreement, third purchase money mortgage for $9,000 and "cash at settlement" $46,800. The date for settlement, originally October 9, 1924, was extended to December 2, 1925. The premises were to be conveyed "clear of all incumbrances and easements and restrictions, excepting those in line of title." It was also provided in the agreement that settlement should be made on a specified date "or deposit money to be retained by [defendant] on account of purchase money or as liquidated damages for breach of contract as [defendant] shall elect and in the latter case the sale shall be rescinded," etc. Up to this point the provisions of the agreement are clear with the possible exception that $9,000 of the consideration was to be secured by a "purchase money third mortgage" but no reference had thus far been made to any first or second mortgage; the remaining $46,800 was to be "cash at settlement." Obviously this third paragraph did not contain the whole contract between the parties with respect to the manner in which the entire consideration of $57,000 was to be paid, or secured, for they inserted two additional paragraphs on this subject which materially modified the third paragraph and to some extent the provision relative to "incumbrances." These additional paragraphs, which gave rise to the controversy, read: "The party of the first part [defendant] hereby agrees to furnish, at their expense, for the party of the second part [plaintiff] a first and second mortgage aggregating forty-three thousand dollars. The first mortgage to be for a term of at least three years bearing six per cent interest, and the second mortgage to be in a responsible building and loan association with customary charges for stock, interest and premium. The above mentioned purchase

money mortgage of nine thousand dollars to be subject to the above mentioned first and second mortgages and to be for a term of three years," etc. It is agreed in the case stated that when the parties met for settlement defendant "was ready and willing to convey title to said premises to plaintiff [and]...... was prepared to furnish at his own expense money for first and second mortgages aggregating forty-three thousand dollars ($43,000) and at the said settlement tendered bonds and mortgages for that amount to the plaintiff to be executed by him; [but] plaintiff declined to execute the first and second mortgages and sign the bonds, alleging as a reason for refusing [the above quoted provisions of the agreement] and that he had not agreed to give his personal bond or to assume any personal liability for the mortgages."

Several days later plaintiff's demand for the return of the deposit money was refused by defendant who claimed the right to retain it as liquidated damages and gave notice of the rescission of the agreement. By the terms of the case stated it was agreed that, if the court be of opinion that plaintiff under the contract and facts as stated "was within his legal rights in insisting that he was to take the property under and subject to mortgages, and therefore was not required under the agreement of sale to execute the mortgages or give his personal bond, then judgment to be entered for the plaintiff, otherwise judgment to be entered for the defendant," etc.

It therefore became the duty of the court in construing the contract to reconcile, if possible, the apparently conflicting provisions so that the agreement as a whole might be given effect as expressing the intention of the parties. We are in accord with the views thus expressed by the learned President Judge of the court below in the performance of that duty:

"The agreement of sale stipulated that the seller

[defendant] would furnish for the purchaser [plaintiff] a first and second mortgage aggregating $43,000. The $9,000 mortgage which the purchaser was to deliver to the seller as part of the consideration money was to be a third mortgage, and the only mortgage the purchaser agreed to furnish. To carry out the agreement all three mortgages must be secured upon the property. The person holding the legal title would be required to execute the mortgages. The original plan was that the purchaser should pay $46,800 in cash at time of settlement, but this provision was changed by the later clause of the agreement, which provided that the seller should furnish a first and second mortgage, subject to which the purchaser would take title and create a third mortgage of $9000. The purchaser was then to be required to pay the seller at the settlement the balance of the purchase money amounting to $3800 in cash, instead of $46,800.

"The seller demanded that all three mortgages be executed by the purchaser and offered to furnish cash for the first and second mortgages, but it was no part of the agreement that he should furnish cash; he was required to furnish a first and second mortgage, and this he failed to do.

"The purchaser was within his legal rights in insisting that he was not required under the agreement of sale to execute the first and second mortgages and to give his personal bonds."

Counsel for appellant suggest in their brief that the lower court unintentionally made a "misstatement of fact" in saying that the later clause of the agreement provided that the seller should furnish a first and second mortgage "subject to which the purchaser would take title and create a third mortgage of $9,000." There is no foundation for this criticism. The entire paragraph was quoted from the agreement in an earlier portion of the opinion of the court below and

in the quotation which we have made and adopted the court was stating its conclusion that the subsequent had modified the former provision with the effect indicated. The conclusions we have reached require us to overrule all the assignments.

Judgment affirmed.