Kleiman et ux. *v.* Cohen, Appellant.

Argued October 18, 1929.

Before PORTER, P. J., TREXLER, KELLER, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Louis A. J. Robbins,* for appellant.—The affidavit of defense was sufficient to prevent judgment for plaintiff: Campbell v. Gates, 10 Pa. 483; Zuck v. McClure, 98 Pa. 541; Hocking v. Hamilton, 158 Pa. 107; Irvin v. Bleakley, 67 Pa. 24; McCullough v. Boyd, 120 Pa. 552; Sanders v. Brock, 230 Pa. 609; Axford v. Thomas, 160 Pa. 8.

The statement of claim was not sufficient to support judgment for plaintiff: Parry v. First National Bank, 270 Pa. 556.

*Frank J. Eustace, Jr.,* for appellee.—The failure to secure the mortgage was a failure of a condition which ended the contract with no further obligation except the return of the deposit: Boles v. Federal Electric Co., 89 Pa. Superior Ct. 160; Culbertson v. Tricker, 95 Pa. Superior Ct. 242; Ohlbaum v. Mauer, 285 Pa. 260; Schiff v. Tamor, 104 N. Y. App. Div. 42; Miles v. Stevens, 3 Pa. 21; Franklin Sugar Co. v. Hanscom Bros., 273 Pa. 98.

OPINION BY KELLER, J., January 29, 1930:

This is an action to recover a deposit of $500 paid by plaintiffs to defendant under a written contract for the purchase of real estate, which, they alleged, the defendant failed to perform. The municipal court entered judgment in favor of the plaintiffs for want of a sufficient affidavit of defense.

Two grounds of defense were set up in the affidavit.

(1) The contract was negotiated, prepared and signed on behalf of the defendant by Mrs. L. R. Brown,

as her agent. It was ratified by defendant, who thereby adopted its terms. The purchase price was $7,500, of which $500 was paid at the time of signing the agreement; $6,500 was to be represented by two mortgages (a first mortgage of $4,000 and a building and loan mortgage of $2,500) which Mrs. Brown agreed to secure for the purchasers; and the balance, $500, was to be paid by the purchasers at the time of settlement, which was to take place on or before November 5, 1928. Mrs. Brown was unable to secure the mortgages as covenanted in the agreement, and though the plaintiffs as purchasers were ready and willing to pay the balance of $500, and were prepared to do all things by them to be done under the contract on November 5, 1928, the agreement of sale, through no fault of theirs, fell through. The defendant averred that in the securing of the mortgages Mrs. Brown was acting as the agent of the plaintiffs; but it is not so provided in the agreement. The contract is not a tripartite one as now contended by the defendant. There are only two parties to it, and Mrs. Brown is distinctly stated to be acting as the agent of the defendant. Had the defendant herself agreed to take and negotiate two mortgages to be given by the plaintiffs as part of the purchase money to be paid by them, her failure to negotiate the mortgages or either of them would have entitled the plaintiffs to a return of their deposit: Culbertson v. Tricker, 95 Pa. Superior Ct. 242; when her agent, acting in her behalf, with her consent, made a like agreement which she was unable to carry out, it carried like consequences in its train. See also Werner v. Pen Argyl Imp. Co., 133 Pa. 457; Holz v. Smyth, 59 Pa. Superior Ct. 83.

(2) Defendant also averred that on or about Oct. 27, 1928, plaintiffs appeared at the home of defendant and then and there stated that they were not satisfied with their purchase and would not go through with it, and

wanted a return of the deposit money; that defendant advised them that she would not return the deposit money but would retain it as liquidated damages under the contract. The difficulty with this averment is that it is based on defendant's theory that the plaintiffs were to secure for themselves the mortgages for $6,500 mentioned in the agreement and that her only function was to receive the money. Defendant nowhere avers that plaintiffs were unwilling to pay $1,000 and execute the mortgages to be procured on their behalf by defendant's agent. Furthermore, the averment relates to an alleged occurrence before the date fixed for settlement,—to an intended breach rather than an actual breach. "A mere notice of an intended breach [of contract] is not of itself a breach of the contract. It may become so if accepted and acted on by the other party ...... The notice of an intention not to perform the contract, if not accepted by the other party as a present breach, remains only a matter of intention, and may be withdrawn at any time before the performance is in fact due": Barber Milling Co. v. Leichthammer Baking Co., 273 Pa. 90, 93; Zuck & Henry v. McClure & Co., 98 Pa. 541, 545; Shamlian v. Waxman, 80 Pa. Superior Ct. 73, 77. However much plaintiffs may have been dissatisfied with their bargain they had until November 5, 1928 to conclude or disaffirm it, in the absence of an agreement on their part that defendant might then and there retain and appropriate the deposit money as liquidated damages, which is not set up, or some act by the defendant in reliance on their statement which is not averred. The affidavit did not aver that defendant was misled into inaction with respect to obtaining the mortgages provided for in the agreement, because of this interview. Her position has been that she had nothing to do with securing them. Hence the failure to secure the mortgages which caused the breakdown of the transaction had no rela-

tion to the interview relied on in the affidavit. It was not sufficiently definite or complete to amount to an absolute refusal to perform by plaintiffs, prior to the date of settlement fixed in the contract, with the consequences attaching to such refusal.

The judgment is affirmed.