491 A.2d 169

ORMOND REALTY, Agent for Angelina DeBlasiis, Appellee,

v.

John R. NINNIS and Anna C. Ninnis, Appellants.

John R. NINNIS and Anna C. Ninnis, Appellants,

v.

Angelina DeBLASIIS, Appellee.

Superior Court of Pennsylvania.

Argued April 25, 1984.

Filed March 29, 1985.

Petition for Allowance of Appeal Denied Aug. 5, 1985.

Gordon W. Gerber, Philadelphia, for appellants.

Andrew J. Damico, Media, for Ormond, appellee.

Before McEWEN, BECK and CERCONE, JJ.

BECK, Judge:

On August 15, 1979, appellants John and Anna Ninnis entered into a written agreement of sale with appellee Angelina DeBlasiis for the purchase of appellee's real estate. Appellee seller was represented in the agreement by her agent, appellee Ormond Realty. The agreement, prepared by appellee agent, contained a mortgage contingency clause which required that appellants secure a mortgage commitment by October 20, 1979. The clause provided as follows:

"4. MORTGAGE CONTINGENCY (1–79) this sale and settlement hereunder are NOT conditional or contingent in any manner upon the sale or settlement of any other real estate NOR subject to any mortgaging or financing except as hereinafter provided.

(a) Term and amount of mortgage loan required by Buyer: thirty years, $40,000.00.

(b) Type mortgage and interest rate required by Buyer: Type conventional. Interest Rate 10½% however, buyer agrees to accept the interest rate as may be committed by the mortgage lender (not to exceed the maximum permissible interest rate).

(c) Commitment date for approval of the mortgage: October 20th, 1979.

(d) Mortgage loan application shall be made through the office of Ormond Realty 3801 State Road., who for the purpose of negotiating for the said mortgage loan, shall be considered the agent for the Buyer, and if said mortgage loan cannot be obtained, this agreement shall be NULL AND VOID and all deposit moneys shall be returned to the Buyer on or before date for settlement as provided herein, subject however to the provisions in paragraphs # 4(e) and # 4(f).

(e) Buyer shall make a completed application to a responsible mortgage lending institution for the aforementioned mortgage loan, through the office of the agent named in paragraph # 4(d), within ten (10) days from the Seller's approval hereof. Should the Buyer fail to make such

completed application within the specified (10) days, it shall be at the option of the Seller within five (5) days thereafter to:

(1) Declare this agreement NULL AND VOID at which time, all moneys paid on account will be forfeited to Seller as liquidated damages, or

(2) In absence of written notice to the Buyer, by the Seller, declaring this agreement, NULL AND VOID, the condition and contingency herein provided for in paragraphs # 4(a) through # 4(f) together with any other mortgage loan contingencies that may be herein or endorsed hereto, shall no longer prevail, and this agreement shall remain effective according to its terms in the same manner as if the condition and contingency were not a part hereof.

(f) Seller or agent must receive a written commitment, valid until the date of settlement, for the mortgage loan, on or before the date as specified in paragraph # 4(c). If the said commitment is not furnished with the terms as specified herein, or on other terms accepted in writing by the Buyer, on or before the specified date, Seller shall have the option, at that date, or any other time thereafter, during the term of this agreement, until, but not beyond the date of receipt of the commitment by the Seller, or Agent, to declare this agreement NULL AND VOID, by written notice to the Buyer of his decision to cancel, at which time all deposit moneys paid on account shall be returned to the Buyer, subject to the payments required, if any, provided for in paragraph # 7(b), 1, 2, and 3."

Appellants gave Ormond Realty a deposit of $2,000 in cash and a note for $4,600.

Appellants made a good faith effort to obtain a mortgage which would conform with the specifications in the agreement, but were unable to do so by the commitment date, October 20, 1979. On November 2, 1979, appellants wrote to Ormond Realty and stated that appellants' failure to secure a mortgage by the commitment date meant that the

agreement was null and void. Appellants requested the return of the deposit moneys; no written response was received, but Ormond Realty told appellants in conversations that they, appellants, were still obligated under the agreement. Sometime after November 28, 1979, Ormond Realty sent appellants a mortgage commitment it had arranged. On December 11, 1979, appellant's counsel sent Ormond Realty a written request for the return of the deposit. On December 14, 1979, Ormond Realty entered judgment against appellants on their note. On December 20, appellants received a notice of the judgment, and on December 26, Ormond Realty informed appellants that their note and cash deposits would not be returned to them.

Appellees scheduled a settlement date on January 18, 1980, but appellants did not attend the settlement, contending that the agreement of sale was null and void as of October 20, 1979. Appellants brought an action in equity for the return of all deposit moneys, and filed a petition to strike or open judgment on the $4,600 note. These cases were consolidated. The lower court found for appellees and held that under the agreement of sale, only the seller had the power to declare the agreement null and void. Appellants filed exceptions which were denied.

In this appeal, appellants claim that the agreement became null and void when after making a bona fide effort they failed to obtain a mortgage commitment by October 20, 1979. We agree, and for the reasons stated below, reverse the order of the lower court.

It is well established that, in interpreting the intent of parties in a written contract, when the words are clear and unambiguous, the intent is to be determined only from the express language of the agreement. *Woytek v. Benjamin Coal Co.*, 300 Pa.Super. 397, 446 A.2d 914 (1982); *Litwack v. Litwack*, 289 Pa.Super. 405, 433 A.2d 514 (1981). A written agreement will be construed against the party preparing it. *Central Transportation v. Board of Assessment Appeals of Cambria County*, 490 Pa. 486, 417 A.2d

144 (1980); *Longenecker v. Matway*, 315 Pa.Super. 411, 462 A.2d 261 (1983).

■ We have examined the mortgage contingency clause in the parties' agreement of sale and note that paragraph 4(d) provides that the failure to obtain a mortgage commitment by October 20, 1979 makes the agreement null and void. Paragraph 4(d) does not contain the additional condition that the seller must elect to treat the agreement as null and void. According to paragraph 4(d), the agreement becomes a nullity simply if a mortgage is not secured by the commitment date: "[I]f said mortgage loan cannot be obtained this agreement *shall be* NULL AND VOID and all deposit moneys shall be returned to the Buyer." [1] (emphasis added). It is clear that the clause in question is self-executing; the agreement is automatically voided if a mortgage commitment is not secured by the commitment date.

■ Appellees argue, however, that paragraph 4(d) is expressly subject to paragraphs 4(e) and (f), and claim that paragraph 4(f) restricts to the *seller* only the right to declare the agreement a nullity. We do not agree. Paragraph 4(f) merely gives the seller the exclusive right to void the agreement if the seller does not receive from the buyer by the commitment date a *written commitment* valid until the settlement date. All paragraph 4(f) provides is that if appellants obtain a mortgage by the commitment date, but then fail to give *written notice* to appellees by the commitment date, appellees would *at that point* have an exclusive right to void the agreement.

It is stipulated that appellants made a timely application to obtain a mortgage commitment by the commitment date. Since appellants made a bona fide effort to secure a mortgage commitment by October 20, 1979, but failed to obtain one, the agreement automatically became null and void by operation of paragraph 4(d). Therefore, the point at which appellees would have had the *exclusive* right to void the agreement was never reached. *See generally Newman v.*

1. The commitment date, October 20, 1979, appears in Clause 4(c).

*Sablosky,* 268 Pa.Super. 85, 407 A.2d 448 (1979); *Tieri v. Orbell,* 192 Pa.Super. 612, 162 A.2d 248 (1960).

Since we conclude that the agreement became a nullity on October 20, 1979, we need not address the argument offered by appellees that the mortgage they obtained for appellants after November 28, 1979, substantially complied with the requirements of the agreement of sale.

Accordingly, the order of the lower court is reversed. The agreement is null and void. The appellees shall return to appellants the $2,000 deposit money and the judgment entered by appellees shall be vacated.[2]

---

**2.** We have not made a provision for payment of interest to appellants. While it is true that interest on principal is awarded in cases where money has been unjustly or unlawfully withheld, *Peyton v. Margiotti,* 398 Pa. 86, 156 A.2d 865 (1959); *Arcuri v. Weiss,* 198 Pa.Super. 506, 608, 184 A.2d 24 (1962), the facts of this case indicate a bona fide dispute as to the meaning of a contractual clause.