## Klein v. Mitchell

*Steven L. Sugarman,* for plaintiff.
*James C. Sargent Jr.,* for defendants.

SMITH, *J.,* August 31, 1990 — We heard this case on January 16, 1990, and we make the following

### FINDINGS OF FACT

(1) Plaintiff is John M. Klein, an adult individual who resides at 203 Vassar Circle, Strafford, Chester County, Pennsylvania 19087.

(2) Since 1973 plaintiff has been in the real estate business. He is a licensed real estate broker and developer and has participated in innumerable trans-

actions involving purchase and sale of real estate for his own account or that of others.

(3) Defendants, William F. Mitchell and Leslie Mitchell, his wife, are adult individuals who reside at 1220 Mayapple Lane, West Chester, Chester County, Pa. 19382.

(4) At all times material hereto, the Mitchells were and still are the title owners of the commercial building located at 12 South Valley Road, Tredyffrin Township, Paoli, Chester County, Pa. 19301.

(5) At all times relevant, defendant William Mitchell conducted his business, Mitchell Marketing Inc., at the subject building.

(6) On December 28, 1984, Klein, as buyer, and the Mitchells, as sellers, entered into a written agreement of sale for the subject property for the purchase price of $194,500.

(7) At the time of the agreement of sale, Klein owned an adjacent parcel consisting of five commercial rental units abutting Lancaster Avenue in Paoli and seven residential apartment units located above the commercial stores.

(8) The agreement of sale contained the following special clause 5(a):

"5(a). This agreement of sale is contingent upon the buyer's ability to obtain a mortgage in the amount of 80 percent of the purchase price at an interest rate and under terms committed by the mortgage lender. *Buyer shall use his best efforts to obtain such a mortgage and* application for said mortgage shall be made within 10 days of full execution of this agreement and committment [sic] for said mortgage will be issued on or before 60 days of the *execution* date *of this agreement. Buyer shall give written notice of the receipt of such committment to seller within five days of receipt.* In the

event that committment [sic] for said mortgage is not issued within the 60-day period, then this agreement of sale shall become null and void, and all deposit monies shall be returned to the buyer, and there will be no further obligation of buyer or seller under this agreement." (Emphasis in text refers to amendments written into contract and initialed by all parties.)

(9) With the exception of the emphasized language in special clause 5(a), plaintiff drafted clause 5(a) including the language "commitment . . . issued . . . null and void."

(10) The emphasized language in special clause 5(a) was requested and drafted by the Mitchells.

(11) The language of clause 5(a) establishes that the parties intended a written commitment to have been received on or before the 60th day following the execution date.

(12) Defendants specifically negotiated for language making the agreement null and void if the mortgage commitment was not issued by the 60th day following the execution date.

(13) The foregoing language was self-executing, making the agreement null and void if the commitment was not received in a timely manner.

(14) The 60th day following execution of the agreement was February 26, 1985.

(15) Defendants specifically negotiated for language requiring written notice of receipt of the mortgage commitment within five days after February 26, 1985, or on or before March 3, 1985.

(16) In accordance with the agreement of sale, Klein deposited the initial amount of $1,000 with the escrow holder, Scott E. Miller, Esq., on December 28, 1984, and thereafter, deposited down monies in

the amount of $9,000 with the escrow holder on January 10, 1985.

(17) Pursuant to the agreement of sale, Klein applied for the requisite mortgage within 10 days of executing the agreement.

(18) The mortgage application was submitted to Independence Mortgage Service Company through a mortgage broker contracted by Klein, Thomas P. Lynch.

(19) On February 26, 1985, plaintiff received verbal approval of his mortgage application.

(20) A mortgage commitment was issued on or about March 5, 1985. See Exhibit D-1, memorandum of understanding.

(21) Klein requested that the Mitchells execute an endorsement to the agreement of sale providing for an additional 15 days from February 26 for Klein's submission of a written commitment to the Mitchells.

(22) The endorsement to the agreement of sale was never executed.

(23) The mortgage commitment was received by plaintiff on March 11, 1985.

(24) No written notice of the mortgage commitment was sent to defendant until on or after March 15, 1985.

(25) Times referred to for the performance of any of the obligations of this agreement are of the essence of the agreement. (See Exhibit P-4, agreement of sale, clause 16).

## DISCUSSION

The question presented in this case is whether plaintiff has complied with the mortgage contingency clause found in the agreement of sale. To answer this question we must discern the intention

of the parties and the fair import of the words selected by them to reflect their agreement.

We start with the fact that this is a real estate transaction, and it is through documents that conveyances are made. This case turns on the language of special clause 5(a) of the agreement. The parties specifically negotiated special terms in this clause as evidenced by the handwritten amendments initialed. by the parties. The handwritten amendments were requested by defendants and assented to by plaintiff.

These amendments included (1) that the buyer shall use his best efforts to obtain such a mortgage; (2) commitment for said mortgage will be issued on or before 60 days of the *execution* date of the agreement; (3) buyer shall give written notice of the receipt of such commitment to seller within five days of receipt.

"It is well established that, in interpreting the intent of parties in a written contract, when the words are clear and unambiguous, the intent is to be determined only from the express language of the agreement." *Ormond Realty v. Ninnis,* 341 Pa. Super. 101, 491 A.2d 169 (1985) (citations omitted); see also, *Rosen v. Empire Valve and Fitting Inc.,* 381 Pa. Super. 348, 553 A.2d 1004 (1989); *Robert F. Felte Inc. v. White,* 451 Pa. 137, 302 A.2d 347 (1973).

Examining special clause 5(a) in the context of the entire agreement and the applicable dates, we find special clause 5(a) provides that failure of the mortgage commitment to issue within the 60-day period, ending February 26, 1985, causes the agreement to become null and void. Although plaintiff obtained verbal approval of his loan application on February 26, 1985, we find this insufficient to satisfy the language of the agreement requiring the issuance of a mortgage commitment by February 26, 1985.

A mortgage commitment is defined as "[a] formal communication by a lender, agreeing to make a mortgage loan on specific property, specifying the loan's amount, length of time, and conditions." Black's Law Dictionary 912 (5th ed. 1979). We find that the plain meaning of the agreement required a written document from the lender agreeing to make the mortgage.[1] Furthermore, defendants never executed plaintiff's proposed endorsement to the agreement of sale extending the time for a mortgage commitment. Consequently, the parties are bound by the intent of the agreement.

We note, also, that the agreement specifically provides that the times referred to for the performance of any of the obligations of this agreement are of the essence. See Exhibit P-4, agreement of sale, clause 16.[2] This language could not be any clearer or any less ambiguous and therefore, we must conclude that this clause reflects the intentions of the signatory parties.

---

1. The language in the agreement in the instant case is distinguishable from the agreement in *Kalina v. Eckert,* 345 Pa. Super. 220, 223, 497 A.2d 1384, 1385 (1985), " '[t]his contract to be null and void if financing is not obtained on or before. . . .' " "Financing" is broader than mortgage commitment. See also, *Session v. Yack,* 18 D.&C. 2d 333 (1958), "mortgage approval" is broader than mortgage commitment. Cf. *Miner v. Bobinis,* 63 D.&C. 2d 668 (1973).

2. Cf. *Hrivnak v. Meyers,* 15 D.&C. 3d 36 (1980). *Hrivnak* is distinguishable from the instant case in that the *Hrivnak* agreement had "no applicable provision of the contract provid[ing] that any time limit set was of the essence of the contract." *Id.* at 45. We note clause 16 of the agreement in the instant matter. Furthermore, sellers in *Hrivnak* had "given notice that they did not intend to go through with the deal" before the commitment date provided in their agreement, indicating time was not of the essence. *Id.* This did not occur in our case.

## CONCLUSIONS OF LAW

(1) The court has equity jurisdiction over the subject matter and parties in this case.

(2) The parties entered into a valid and enforceable agreement of sale dated December 28, 1984.

(3) A mortgage commitment by its very definition requires a written communication by a lender agreeing to make a mortgage and containing specific terms and conditions.

(4) The agreement did not provide for an oral assurance or oral approval as sufficient to satisfy the terms of the agreement.

(5) The agreement required that a mortgage commitment be issued on or before February 26, 1985.

(6) The foregoing requirement was for the benefit of the sellers.

(7) The agreement further required receipt of a written notice from buyer to seller, stating that the mortgage commitment had been issued, on or before March 3, 1985.

(8) Defendants specifically bargained for certainty in the agreement.

(9) The requirement that a written notice be provided to defendants within five days after receipt of the mortgage commitment was for the specific benefit of the sellers.

(10) The agreement by its own terms was null and void if no commitment was issued by February 26, 1985.

(11) Time was of the essence under the agreement.

(12) The buyer failed to satisfy the requirement in the agreement that the mortgage commitment be issued on or before February 26, 1985.

(13) Additionally, buyer failed to provide seller with the required written notice on or before March 3, 1985.

478

(14) Under the specific language of special clause 5(a) of the agreement, the requirement of written notice of receipt of the commitment on the 60th day was intended by the parties to make the clause 5(a) self-authenticating; buyer's failure to provide such notice is dispositive of whether the commitment was received in time.

(15) Consequently, the agreement became null and void as of February 26, 1985.

(16) Plaintiff is entitled to return of his deposit monies pursuant to special clause 5(a) of the agreement.

(17) However, plaintiff is not entitled to any additional monies in the way of damages.

Accordingly, we enter the following

## ORDER

And now, August 31, 1990, upon consideration of the pleadings, trial, and the briefs of counsel, it is hereby ordered and decreed the agreement of sale is null and void and that Scott E. Miller, Esq., escrow holder, is directed to release to plaintiff the money deposited in connection with this action, together with the interest accrued thereon.