284 F.2d 162
 HIGHWAY TRUCK DRIVERS AND HELPERS, LOCAL 107, of the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, an unincorporated association, by Thomas Graham, Carmen Grasso, Anthony Hnizdo, Jr., Karl M. Jensen, John C. Jones, Edward P. McCormick, John Regan, William D. Stasen and Robert D. Thomas, Trustees ad litem,
v.
Raymond COHEN, Joseph E. Grace, Edward Battisfore and Edward Walker, Appellants.
 No. 13262.
 United States Court of Appeals Third Circuit.
 Argued October 21, 1960.
 Decided November 2, 1960.
 As Amended December 14, 1960.
 Rehearing Denied December 19, 1960.
 
 Samuel Dash, Philadelphia, Pa., for appellants.
 Edward B. Bergman, Philadelphia, Pa., for appellees.
 Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Nine members of the named union local, charging the local's governing officers with conspiring to cheat and defraud the local of large sums of money, were granted a preliminary injunction prohibiting said officers "from further using any of the funds of [Local 107] * * * to pay for any legal fees in the defense of civil or criminal actions presently pending [as of March 24, 1960] against them in the Court of the Commonwealth of Pennsylvania or in this court arising out of the alleged misuse of the funds of said Local 107 * * *". The charges in the state litigation arise out of the same alleged acts and conduct of the officers as are detailed in the complaint before us. No answer has as yet been filed by appellants.
 
 
 2
 The cause of action arises under the Labor-Management Reporting and Disclosure Act of 1959, P.L. 86-257. That statute holds labor organizations, employers, and their officials "to the highest standards of responsibility and ethical conduct in administering the affairs of their organizations, particularly as they affect labor management relations." 29 U.S.C.A. § 401(a). Under "Safeguards For Labor Organizations", Section 501 (a) makes it the duty of "The officers * * * to hold its [the labor organization] money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization. A general exculpatory provision in the constitution and bylaws of such a labor organization or a general exculpatory resolution of a governing body purporting to relieve any such person of liability for breach of the duties declared by this section shall be void as against public policy."
 
 
 3
 Section 501(b) states that "When any officer * * * is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte." The trial court here allowed appellees leave to bring these proceedings. Local 107 was permitted to intervene as a party defendant and joined its officers in moving to have the complaint dismissed.
 
 
 4
 Under 501(c) "Any person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use, or the use of another, any of the moneys, funds, securities, property, or other assets of a labor organization of which he is an officer, or by which he is employed, directly or indirectly, shall be fined not more than $10,000 or imprisoned for not more than five years, or both."
 
 
 5
 In contesting the application for preliminary injunction the defendants relied on a resolution of the local purportedly authorizing the expenditures complained of. Judge Clary in a carefully considered opinion held that although the resolution was not within the prohibition of the last sentence of Section 501(a), above quoted, it was nevertheless invalid because it authorized action beyond the powers of the union as derived from its constitution and was inconsistent with the aims and purposes of the Labor-Management Reporting and Disclosure Act. He specifically stated that: "This ruling in no way attempts to pass upon the question of whether or not Local 107 may with propriety, by appropriate resolution, reimburse its officers for their legal expenses in the event they are exonerated from any wrongdoing in connection with the handling of union funds involved in the actions presently pending." [182 F. Supp. 622].
 
 
 6
 Our own examination of the record and the 1959 Act satisfies us that under the facts the district court here has acted in complete accord with the letter and spirit of the Labor Management Reporting and Disclosure Act.
 
 
 7
 The order of the district court will be affirmed.