334 F.2d 378
 HIGHWAY TRUCK DRIVERS AND HELPERS, LOCAL 107 OF the
INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF
AMERICA, an unincorporated
association by
Thomas Graham, et al.
v.
Raymond COHEN, Joseph E. Grace, Edward Battisfore and Edward
Walker, HighwayTruck Drivers & Helpers, Local 107,
Intervening Defendant, Raymond Cohen
andEdward Walker, Appellants.
 Nos. 14602 and 14603.
 United States Court of Appeals Third Circuit.
 Argued March 5, 1964.
Decided June 11, 1964.
 
 Abraham J. Brem Levy, Philadelphia, Pa., for appellants.
 Edward B. Bergman, Philadelphia, Pa., for appellees.
 Before McLAUGHLIN and FORMAN, Circuit Judges, and LEAHY, District judge.
 McLAUGHLIN, Circuit Judge.
 
 
 1
 When this matter was before us previously, 3 Cir., 284 F.2d 162 (1960), cert. den. 365 U.S. 833, 81 S.Ct. 747, 5 L.Ed.2d 744 (1961), we affirmed the order of the district court which had enjoined the officers of Local 107 from using Local funds to pay legal fees incurred in defense of civil or criminal actions then pending (as of March 24, 1960) against them in the Courts of the Commonwealth of Pennsylvania or in the United States District Court of the Eastern District of Pennsylvania. Prior to the issuance of the injunction said officers had actually handed out union money amounting to $24,921.41 for their own personal counsel fees. After the case was remanded to the district court it was tried to that court on a complete stipulation of facts (including an additional stipulation) supplemented by a brief oral statement and arguments by counsel. The court found that the plaintiffs as trustees ad litem for the Local were entitled to judgment against the defendants in the sum of $24,921.41 and this was so entered. Thereafter the district court on motion enjoined the payment of any money by the Local to the individual defendants until the judgment was satisfied or a court approved bond filed. That order was made for the purpose of assisting the union to obtain reimbursement of its funds under the judgment.
 
 
 2
 Defendants Cohen adn Walker appeal from the money judgment against them and from the order enjoining the Local from paying the defendants' salaries until the judgment is satisfied or bond filed (an approved bond has since been filed). The argue that the money for their defense was rightly paid by their union because, according to them, 'substantial union interests were involved'. They contend, as an argument in favor of their payment of their personal attorneys with union funds that 'The primary matter in which the attorneys for the officers of Local 107 were engaged during the time of the September and October 1959 bills was the Special Investigating Grand Jury case.' They state the union had a specific interest in the Special Grand Jury case and that under the prior district court opinion these fees could have been paid as they were. Regarding the money judgment, appellants claim that the resolution of the union authorizing the payments involved was ratified by an amendment to the International Union Constitution and therefore plaintiffs action is moot. Finally, they say that they 'paid for the legal services rendered on their behalf in the criminal and civil proceedings brought against them personally separately out of nonunion funds.'
 
 
 3
 The complaint in this cause charges the defendants the governing officers of the Local, with conspiring to cheat and defraud the Local of large sums of money. It is a suit under Section 501(a) and (b) of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. 501(a) and (b) which establishes fiduciary responsibility on the part of officers of a labor organization and provides for a federal district court action to enforce those responsibilities. The stipulation under which, as appellants state in their brief, this case 'was presented to Judge Ralph C. Body * * *' for trial reads:
 
 
 4
 'It is hereby stipulated between Samuel Dash, Esq., attorney for defendants, Raymond Cohen, Joseph E. Grace, Edward Battisfore, and Edward Walker, and Edward B. Bergman, Esq., attorney for plaintiff, that the legal services and costs which have been rendered and incurred by the firm of Dash and Levy, Esqs., for the officers of Highway Truck Drivers and Helpers, Local 107, are as appear in the copies of bills attached hereto as Exhibits 'A', 'B', 'C', 'D', and 'E'. All of these attached bills have in fact been paid, and were paid out of funds belonging to Highway Truck Drivers and Helpers, Local 107, under the provisions of a resolution adopted by the local on September 21, 1959. A true and correct copy of this resolution is hereto attached and marked Exhibit 'F'.
 
 
 5
 'The legal services and costs referred to by Exhibits 'A' through 'E' were rendered by the firm of Dash and Levy, Esqs., in the specific civil and criminal cases listed in Exhibit 'G' attached hereto. The phrase 'officers' which appears at the top of Exhibit 'G' refers to the following persons only: Joseph E. Grace, Raymond Cohen, Edward Battisfore, Edward Walker, Walter Baker, Charles O'Lear and Michael Hession. Joseph E. Grace is President of Local 107, Raymond Cohen is Secretary-Treasurer, Edward Battisfore is Vice President, Edward Walker is Recording Secretary, Walter Baker, Charles O'Lear and Michael Hession are Trustees.
 
 SAMUEL DASH
 Attorney for Defendants
 EDWARD B. BERGMAN
 
 6
 Attorney for Plaintiff'
 
 
 7
 The bills from the attorneys, totaling $24,921.41, are attached to the stipulation. The first is dated September 22, 1959 addressed to all the officers named in the stipulation. It is for 'Retainer-- legal services $15,000.00' and is marked 'Pd'. The second is dated September 22, 1959 addressed to 'Mr. Raymond Cohen, Secretary and Treasurer Local 107 * * *.' It is for 'Professional services rendered March 1959 to September 1959: Legal fees $3500.00 Costs.$1000.00 (Total) $4500.00'. It is marked 'Pd'. The third is dated October 20, 1959. It is addressed to 'Officers Local 107 * * *.' It is for costs incurred 'In the Matter of Joseph Grace, et al. for a writ of prohibition directed to Honorable Joseph E. Gold, Judge of the Court of Common Pleas No. 6 of Philadelphia County * * *'. These amount to $163.91 and the bill is marked 'Pd'. The fourth is dated October 21, 1959, is addressed to 'Officers Local 107 * * *' and is for 'Costs Expended: In re: In the Court of Oyer and Terminer and General Jail Delivery and Quarter Sessions of the Peace for the County of Philadelphia.' It covers the cost of '3 bonds-- Edward Walker, Raymond Cohen and J. Grace at $85.00 each $255. Filing fee petition for writ of habeas corpus $2.50.' The bill is marked 'Pd'. The fifth bill is dated October 22, 1959. It is addressed to 'Officers Local 107'. It is 'On account of retainer-- professional services $5000.00' and is marked 'Pd'. The total of these sums is $24,921.41.
 
 
 8
 By the explicit language of the stipulation, the services for which the defendants were charged $24,921.41 (including disbursements) by their attorneys were rendered for them by those attorneys, 'in the specific civil and criminal cases listed in Exhibit 'G' attached hereto'. In the bills comprising Exhibit 'G' there was no attempt to detail services. The sole references to specific cases are in the bills for costs, one having to do with the Grace petition, the second with the Commonwealth conspiracy charge and dealing with bail bonds for Walker, Cohen and Grace. The latter bill also included a filing fee for a petition for writ of habeas corpus in the prosecution.
 
 
 9
 The application of Messrs. Grace, Cohen, Battisfore, Walker, et als. for a writ of prohibition was to prevent the convening of a special grand jury to investigate the criminal activities which allegedly had been and were being committed by the officials, agents and members of the Local, '* * * systematic looting of Local 107's treasury by its officials, * * *', violence and threats of violence, blackmail, criminal exactions of tribute for superfluous services, etc. The petition for a writ of habeas corpus the filing fee for which is the other specific charge or disbursement noted, was filed by the attorneys in an attack upon the indictment of Messrs. Cohen, Grace, Walker and four others for conspiracy to cheat and defraud the Local and its members of certain of their moneys, goods, chattels and other property.
 
 
 10
 The remaining actions with which we are presently concerned are a suit brought by the defendants to stop the International Union from conducting its own inquiry into the charges against the defendants and the case at bar. In all the disputes involved, the services by the attorneys for which they were paid $24,921.41 of the Local's funds were rendered in defense of and on behalf of the individual defendants. The attorneys never pretended then or now that they represented the Local or anyone else other than the officer defendants in the services rendered for the above stated sum. The fact that there was no itemized allocation of the total fees to particular cases is of no importance. The full amount of the fees was admittedly for the services by the attorneys to the officer defendants in connection with the charges against them of looting the treasury of the Local, et. Payment thereof by the Local was inconsistent with the aims and purposes of the Labor Management Reporting and Disclosure Act, supra, and beyond the powers of the Local, 284 F.2d 162, 164, supra.
 
 
 11
 Appellants also urge that the 1961 amendment to the International Union's Constitution ratifying the resolution of the Local which approved the payments makes moot plaintiffs' action to set aside those expenditures as ultra vires. That abortive attempt to validate the illegal 1959 resolution, could not of course in 1961 legitimatize the 1959 payments which have been held to have been wrongful. And the action of the International was just as inconsistent with Section 501 of the Labor Management Act as was the Local's ill conceived resolution.
 
 
 12
 The argument on behalf of appellants that the decision of the district court is premature because the appeal from the convictions of the defendants has not been determined is frivolous.
 
 
 13
 Finally, appellants complain of the district court entering an injunction against payment by the Local of salaries to the officer defendants until the amount they took from the union to pay their lawyers has been restored. It was represented to the district court that unless some steps were taken on behalf of the Local at that time it might become unlikely, perhaps impossible, to collect the judgment. As the court commented, 'The Union chooses to neglect this right as it sought to disregard its rights in the first place by wrongfully paying counsel fees for the defendants.' It is now four years and seven months since the money was wrongfully take from the Local by the defendants. Nothing has appeared in that entire period to warrant further delay in the reimbursement process. Judge Body pointed out that 'This is merely an injunction in aid of a judgment creditor to set off claims owed it by the judgment debtor.' Under the Act, Section 501(b), the plaintiff trustees ad litem for the Local suing, as they are, with the express leave of the court are entitled to sue these defendants '* * * to recover damages * * *.' The injunction prohibiting the employer Local from paying out any more of its funds to these employee officers while the judgment in favor of the Local against them remains unsatisfied is part of a reasonable effort to collect and protect the judgment. Not to so proceed might very well subject plaintiffs themselves to a charge of negligence in their duty on behalf of the Local.
 
 
 14
 The judgment of the district court will be affirmed.