## Conway-West v. State Farm Insurance Co.

*Michael J. McDonald,* for plaintiff.
*Marvin 0. Schwartz,* for defendant.

MILLER, *J.,* July 2, 1993—On May 6, 1991, plaintiff was injured in an automobile accident. At the time of the accident, plaintiff held an automobile insurance policy issued by defendant. Under the terms of the policy, defendant was obligated to provide first-party medical benefits in accordance with the provisions of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §§1701-1799. Plaintiff alleges she received and will continue to receive medical treatment for injuries caused by the accident.

Plaintiff submitted medical reports and bills to defendant and requested payment. In February 1992, defendant contracted with a peer review organization (PRO) in accordance with section 1797 of the MVFRL for the purpose of confirming that the medical treatment conforms to the professional standards of performance and is medically necessary. The PRO, after an initial review *and* a reconsideration requested by plaintiff, found certain charges non-recoverable under the parameters established by the MVFRL. Based on this finding, defendant denied payment for medical treatment.

Plaintiff initiated this action on March 31, 1993, bringing, in Count I, a breach of contract claim under the MVFRL and, in Count II, a bad-faith claim under 42 Pa.C.S. §8371. Defendant filed preliminary objections to the complaint on the following grounds: (1) insufficient specificity based on plaintiff's failure to attach a copy of the insurance policy, (2) insufficient specificity based on plaintiff's failure to allege the amount of damages sought, and (3) legal insufficiency of Count II. Both parties filed briefs in support of their respective positions and oral argument was heard on June 7, 1993. Defendant's preliminary objections are now before this court for disposition.

## I. *Request to Strike Complaint Based on Failure to Attach a Copy of the Insurance Policy*

Defendant filed a preliminary objection on the grounds of insufficient specificity in the pleading, requesting that we strike the complaint and require plaintiff to attach a copy of her insurance policy to the complaint or set forth the substance of the material portions of the policy. As defendant issued the insurance policy requested, we find this objection to be meritless and therefore dismiss this objection.

## II. *Request to Strike Complaint Based on Failure to Allege Amount of Damages*

Defendant's second preliminary objection alleges insufficient specificity in the pleading, requesting that we strike the complaint and require plaintiff to plead more specifically the damages she is seeking to recover. Plaintiff seeks recovery of first-party medical benefits allegedly denied by her insurer. Pa.R.C.P. 1019(f) requires that special damages must be specifically stated in a pleading.

Accordingly, we sustain the objection and plaintiff is directed to plead specifically the amount of unpaid medical bills, the providers involved, and other damages sought so that the defendant may prepare an appropriate answer and the court may be adequately informed in any further proceedings.

### III. *Demurrer to Count II*

In Count II, plaintiff brings a bad-faith claim under 42 Pa.C.S. §8371. Defendant filed a preliminary objection on the grounds of legal insufficiency and requests that we dismiss Count II.

In ruling upon a preliminary objection of this nature, we must examine the entire complaint with an eye toward determining its legal sufficiency. *County of Allegheny v. Commonwealth*, 507 Pa. 360, 490 A.2d 402 (1985). The issue to be resolved is whether, upon the facts averred, the complaint shows with certainty that plaintiff is not entitled to the legal relief sought. *Sutton v. Miller*, 405 Pa. Super. 213, 592 A.2d 83 (1991). In examining the complaint, the court shall accept as true all well pled, relevant and material facts set forth therein as well as all inferences fairly deducible from those facts. *Composition Roofers Local 30/30B v. Katz*, 398 Pa. Super. 564, 581 A.2d 607 (1990). Further, if there is any doubt as to whether or not plaintiff has sufficiently pled a cause of action, this doubt must be resolved in plaintiff's favor, and the preliminary objection must be dismissed. *McGregor v. Mediq Inc.*, 395 Pa. Super. 221, 576 A.2d 1123 (1990).

Defendant contends that the provisions of MVFRL provide the exclusive remedy for individuals seeking to recover first-party medical benefits under an automobile insurance policy. Plaintiff contends that a bad-faith action

for punitive damages under section 8371 may be maintained and is consistent with the MVFRL regarding payment of first-party medical benefits. After a survey of the relevant case law and noting the absence of Commonwealth appellate authority on point, we conclude that under the facts as pled in this case, the detailed provisions of the MVFRL provide the exclusive remedy for the plaintiff's claim for first-party medical benefits. We note, however, that there may be circumstances where a bad-faith action under section 8371 may be maintained consistent with the MVFRL.

An initial review of the case law reveals a split in authority as to the availability of a bad-faith claim for denial of first-party benefits under an automobile insurance policy. However, this split is difficult to define and sometimes mischaracterized. The developing case law addresses conflicts between varied combinations of effective statutes under various factual situations as well as other collateral issues. Thus, any inquiry must be fact-sensitive.

In regard to an insurer's questioning of the reasonableness and necessity of treatment, the MVFRL, section 1797(b), provides as follows:

"(1) *Peer review plan*—Insurers shall contract jointly or separately with any peer review organization established for the purpose of evaluating treatment, health care services, products or accommodations provided to any injured person. Such evaluation shall be for the purpose of confirming that such treatment, products, services or accommodations conform to the professional standards of performance and are medically necessary. An insurer's challenge must be made to a PRO within 90 days of the insurer's receipt of the provider's bill for treatment or services or may be made at any time for continuing treatment or services.

"(2) *PRO reconsideration*—An insurer, provider or insured may request a reconsideration by the PRO of

the PRO's initial determination. Such a request for reconsideration must be made within 30 days of the PRO's initial determination. If reconsideration is requested for the services of a physician or other licensed health care professional, then the reviewing individual must be, or the reviewing panel must include, an individual in the same specialty as the individual subject to review.

"(3) *Pending determinations by PRO*—If the insurer challenges within 30 days of receipt of a bill for medical treatment or rehabilitative services, the insurer need not pay the provider subject to the challenge until a determination has been made by the PRO. The insured may not be billed for any treatment, accommodations, products or services during the peer review process.

"(4) *Appeal to court*—A provider of medical treatment or rehabilitative services or merchandise or an insured may challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise, the reasonableness or necessity of which the insurer has not challenged before a PRO. Conduct considered to be wanton shall be subject to a payment of treble damages to the injured party.

"(5) *PRO determination in favor of provider or insured*—If a PRO determines that medical treatment or rehabilitative services or merchandise were medically necessary, the insurer must pay to the provider the outstanding amount plus interest at 12 percent per year on any amount withheld by the insurer pending PRO review.

"(6) *Court determination in favor of provider or insured*—If, pursuant to paragraph (4), a court determines that medical treatment or rehabilitative services or merchandise were medically necessary, the insurer must pay to the provider the outstanding amount plus interest at 12 percent, as well as the costs of the challenge and all attorney fees.

"(7) *Determination in favor of insurer*—If it is determined by a PRO or court that a provider has provided unnecessary medical treatment or rehabilitative services or merchandise or that future provision of such treatment, services or merchandise will be unnecessary, or both, the provider may not collect payment for the medically unnecessary treatment, services or merchandise. If the provider has collected such payment, it must return the amount paid plus interest at 12 percent per year within 30 days. In no case does the failure of the provider to return the payment obligate the insured to assume responsibility for payment for the treatment, services or merchandise." 75 Pa.C.S. §1797(b).

In regard to bad-faith behavior in general by an insurer, section 8371 of the Pennsylvania Judicial Code provides:

"§8371. *Actions on insurance policies*

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

"(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent.

"(2) Award punitive damages against the insurer.

"(3) Assess court costs and attorney fees against the insurer." 42 Pa.C.S. §8371.

The rule of construction to be applied whenever provisions in statutes allegedly conflict is as follows:

"§1933. *Particular controls general*

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to

the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail." 1 Pa.C.S. §1933.

In the instant case, the general provisions of 42 Pa.C.S. §8371 conflict with the detailed provisions of 75 Pa.C.S. §1797(b).

A consensus has emerged in the federal forum as to the availability of a bad-faith cause of action under section 8371 for denial of first-party medical benefits where the provisions of 75 Pa.C.S. §1797 are in effect. In these cases, the detailed provisions of 75 Pa.C.S. §1797 provide the exclusive remedy. *Carson v. ITT Hartford Insurance Group*, 1991 U.S. Dist. Lexis 10451 (E.D. Pa.); *Seeger v. Allstate Insurance Co.*, 776 F. Supp. 986 (M.D. Pa. 1991); *Livecchi v. Prudential Property and Casualty Insurance Co.*, 1992 U.S. Dist. Lexis 1105 (E.D. Pa.); *Elliot v. State Farm Mutual Auto. Insurance Co.*, 786 F. Supp. 487 (E.D. Pa. 1992); *Batoff v. State Farm Insurance Co.*, 1992 U.S. Dist. Lexis 3501 (E.D. Pa.); *Riddell v. State Farm Fire and Casualty Co.*, 1992 U.S. Dist. Lexis 13120 (M.D. Pa.); *Danley v. State Farm Mutual Auto. Insurance Co.*, 808 F. Supp. 399 (M.D. Pa. 1992). It is noted that section 8371 and 75 Pa.C.S. §1797 are not mutually exclusive and there may be circumstances where section 8371 may also apply to automobile insurance policies. See *Seeger*, 776 F. Supp. at 990; *Carson*, 1991 U.S. Dist. Lexis 10451 at 7. For example, in *Seeger*, the court allowed a bad-faith claim under 42 Pa.C.S. §8371 where the insurer denied coverage under an automobile insurance policy. However, the court distinguished the facts in that case from a claim for first-party medical benefits which were questioned by the insurer pursuant to 75 Pa.C.S. §1797 and noted that in the latter case, a bad-faith claim would be barred. *Seeger*, 776 F. Supp. at 991.

The state trial courts seem to be more generous in allowing a bad-faith cause of action in a claim for first-party medical benefits. See *Hershey Medical Center v. State Farm Insurance Co.,* no. A.D. 1992-298 (Franklin County, Dec. 8, 1992), Walker, *J.; Advanced Chiropractic Inc. v. Pennsylvania National Insurance Co.,* no. 1871 S. 1992 (Dauphin County, Jan. 4, 1993), Morgan, *P.J.; Scott v. Pennsylvania Millers Mutual Insurance Co.,* no. 145-E of 1991 (Luzerne County, Oct. 14, 1992), Lokuta, *J.* However, we do not view our holding as entirely inconsistent with these cases. For example, in *Advanced Chiropractic,* the court held that the MVFRL did not pre-empt the statutory bad-faith cause of action where an insurer deliberately subverted the peer review process. In *Scott,* the court allowed a bad-faith cause of action for first-party medical benefits under the MVFRL, noting that section 1797 would not apply because of its effective date. Both courts found support in *Seeger,* in which the court noted that section 8371 would not apply to a first-party medical benefit claim under section 1797.

We also distinguish the case at bar from the case law interpreting a potential conflict between a bad faith cause of action and repealed no-fault provisions. We find these cases uninstructive because of the differences between the repealed no-fault and the detailed provisions of section 1797.

In the case at bar, plaintiff seeks first-party medical benefits under an automobile insurance policy which were denied by defendant following a PRO review and reconsideration. The complaint alleges that some charges were approved while others were not and seeks payment for all charges. Under the facts as pled, we find that 42 Pa.C.S §8371 and 75 Pa.C.S. §1797 are in conflict and irreconcilable. The detailed provisions of the MVFRL provide the exclusive remedy for the plaintiff in this action.

Accordingly, defendant's preliminary objection to Count II is sustained.

## ORDER

And now, July 2, 1993, plaintiff is hereby given 20 days to file an amended complaint consistent with this opinion.