**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4352
_____

JESSE J. AVERHART,
                                        Appellant

v.

CWA UNION LOCAL 1033; RAE ROEDER;
DIANE SPENCE-BROWN; ANTHONY MISKOWSKI;
DENNIS REITTER; CWA UNION; LAWRENCE COHEN;
ANNIE HILL; CHRISTOPHER SHELTON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-13-cv-01093)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2014

Before: FISHER, VANASKIE and ALDISERT, Circuit Judges

(Opinion filed: July 3, 2014)

_____

OPINION
_____

PER CURIAM

      Jesse J. Averhart appeals from the District Court's order denying his motion to

disqualify defense counsel from joint representation and to prohibit the payment of

certain appellees' legal fees in this litigation with union funds. We will dismiss this appeal for lack of appellate jurisdiction.

I.

Averhart is a member of the Communications Workers of America ("CWA") and its local chapter Communications Workers of America Local 1033 ("CWA Local"). He unsuccessfully ran for president of CWA Local in 2005, 2008 and 2011. After the 2011 election, Averhart filed suit pro se against CWA, CWA Local, and certain officers of each entity. (Averhart previously filed suit against many of the same defendants at D.N.J. Civ. No. 3-10-cv-06163, which remains pending, but that suit is not relevant for present purposes.) Averhart alleges various forms of mismanagement and misconduct, including misconduct in connection with the 2011 election. CWA and its officers are represented by the same counsel in this litigation. CWA Local's separate counsel represents CWA Local's officers as well.

At issue here is a motion that Averhart filed seeking an order (1) disqualifying counsel from jointly representing the union entities and their officers, and (2) enjoining the union entities from paying their officers' legal fees in this litigation. The District Court denied both requests. The District Court concluded that joint representation is permissible under the applicable Rules of Professional Conduct because Averhart's claims likely do not present a conflict of interest between the union entities and their officers. The District Court further concluded that, because joint representation is permissible, there is no basis to enjoin the union entities from paying their officers' legal

2

fees.  The District Court later denied Averhart's motion for reconsideration of its ruling, and Averhart appeals.  After the parties filed their briefs on the merits, we sua sponte raised the issue of appellate jurisdiction and the parties have filed supplemental briefs addressing that issue.

## II.

Averhart raises no argument directed to the denial of reconsideration, and we thus confine our consideration to the District Court's underlying order.  In his supplemental brief, Averhart concedes that this Court presently lacks jurisdiction under 28 U.S.C. § 1291 to review the District Court's denial of his request to disqualify counsel, and he has expressly withdrawn his appeal to that extent.  (Appellant's Supp. Br. at 1-2.)[1]  Thus, we are left with the District Court's denial of Averhart's request to prohibit the union entities from paying their officers' legal fees.  Averhart argues that the District Court's ruling is immediately appealable as the refusal of an injunction under 28 U.S.C. § 1292(a)(1).  The defendants counter that the District Court's ruling does not qualify, and we agree.

"We have held that section 1292(a)(1) should be construed narrowly so as not to swallow the final-judgment rule."  In re Pressman-Gutman Co., Inc., 459 F.3d 383, 392

---

[1] Averhart's concession is correct because "a district court's order denying a motion to disqualify counsel is not appealable under § 1291 prior to final judgment in the underlying litigation."  Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 (1981).  The Supreme Court has not ruled out the use of mandamus to challenge an order denying disqualification of counsel in exceptional circumstances, see id. at 378 n.13, but Averhart has neither filed a mandamus petition nor mentioned mandamus through two rounds of briefing and has instead withdrawn his challenge to this portion of the District Court's order.  We nevertheless note that Averhart has not raised any exceptional circumstance that might warrant mandamus relief.

3

(3d Cir. 2006). Thus, although Averhart framed his request as one for injunctive relief and the District Court treated it as such, "the label used by the district court is not dispositive." Id. at 393. Instead, a District Court's order does not constitute an injunction or refusal of an injunction under § 1292(a)(1) unless, inter alia, it grants or denies a request to "accord or protect some or all of the substantive relief sought by the complaint." Id. at 392 (quotation marks omitted). Orders do not constitute injunctions or refusals of injunctions if they merely "concern[] the conduct of the parties or their counsel, unrelated to the substantive relief sought." Id. at 393 (quotation marks omitted).

The District Court's denial of Averhart's request falls into the second category because his complaint does not mention the union entities' payment of legal fees, let alone seek any relief on that basis. To the contrary, Averhart's complaint asserts that defendants have breached contracts and their fiduciary duties and otherwise violated the law in ways relating primarily to management of the union entities and the 2011 election. These claims, which are summarized in the margin,[2] are not based on and do not seek

_____

[2] Averhart claims that: (1) the CWA defendants violated the federal Labor-Management Reporting and Disclosure Act ("LMRDA") by failing to provide notice of the terms of the LMRDA to union members; (2) the CWA defendants violated the LMRDA and the CWA constitution by failing to organize workers, maintain active subcommittees, fully disclose the CWA's finances, ensure the adoption of local election rules, or review the results of and procedures employed during local elections; (3) the CWA officers refused to rectify the CWA Local officer defendants' alleged misappropriation of member dues by denying Averhart's requests for auditing and an accounting; (4) all defendants caused Averhart to expend his own funds on an allegedly tainted election; and the foregoing acts constitute (5) breaches of fiduciary duty and (6) breaches of contract. (ECF No. 1 at 24-29.) Averhart seeks injunctive, declaratory and monetary relief in connection with these claims. (Id. at 29-31.) In particular, he seeks ten specific forms of injunctive relief, and none of them relates to any payment by the union entities of their officers' legal fees. (Id. at 29-30.)

4

relief from the union entities' payment of legal fees.

Averhart nevertheless contends that the District Court's ruling "touches the merits of part of the complaint," Anderson v. Davila, 125 F.3d 148, 155 (3d Cir. 1997), because (1) his complaint alleges certain breaches of contract and fiduciary duty, (2) the union entities' payment of legal fees constitutes an additional breach, and (3) his complaint requests "[s]uch other and further relief as may be deemed just, proper and appropriate." (ECF No. 1 at 31.)  In Anderson, however, the District Court's order constituted an injunction under § 1292(a)(1) because it expressly granted the plaintiff's request to enjoin conduct that he expressly raised and for which he expressly sought relief in his complaint.  See Anderson, 125 F.3d at 153, 155; see also, e.g., Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros, Inc., 201 F.3d 231, 237-38 (3d Cir. 1999) (same); Cohen v. Bd. of Trs. of the Univ. of Med. & Dentistry of N.J., 867 F.2d 1455, 1462, 1464 (3d Cir. 1989) (en banc) (same).  Such is not the case here.[3]

Indeed, Averhart all but concedes as much.  Averhart argues that, in the absence of preliminary relief, and "[i]f [the officers] are unsuccessful in defending this matter,

_____

[3] We acknowledge that two decisions on which Averhart relies on the merits reviewed preliminary injunctions prohibiting unions from paying their officers' legal fees.  See Tucker v. Shaw, 378 F.2d 304 (2d Cir. 1967); Highway Truck Drivers & Helpers Local 107 v. Cohen, 284 F.2d 162 (3d Cir. 1960).  Those decisions are not controlling.  Neither decision discussed jurisdiction or specified whether the District Court's order awarded relief that the plaintiff requested in the complaint, and both were decided long before we first expressly imposed that requirement in our en banc decision in Cohen, 867 F.2d at 1465 & n.9.

appellant or the union would have to bring a separate action to recover unauthorized expenditure of union funds." (Appellant's Supp. Reply Br. at 11) (emphasis added). We express no opinion on the merits of such a separate action, but Averhart's recognition that it would be required shows that the union entities' payment of legal fees is not related to any of the relief that he requests in his complaint.[4]

Nor did the District Court's denial of Averhart's request otherwise relate to the merits of his claims. To the contrary, the District Court declined to prohibit the union entities from paying their officers' legal fees on the sole ground that joint representation is permissible under the applicable Rules of Professional Conduct. That ruling has no bearing on the merits of Averhart's claims and is instead inextricably intertwined with the District Court's denial of Averhart's request for the disqualification of counsel, which is not presently appealable. See Hershey Foods Corp. v. Hershey Creamery Co., 945 F.2d 1272, 1278 (3d Cir. 1991) (holding that order enjoining litigation in another forum did not constitute an injunction under § 1292(a)(1) because, inter alia, it related to a separate interlocutory venue ruling and not to the substance of the complaint).

Finally, Averhart argues that the union entities' payment of legal fees is related to his complaint because he sought to enjoin such payment in order "to protect the remedies sought in the complaint," apparently because he believes that his claims against the officers will fare better in this litigation if the officers are denied union funding.

---

[4] Such an action was the subject of the case on which Averhart relies most heavily on the merits. See Urichuck v. Clark, 689 F.2d 40, 41 (3d Cir. 1982) (addressing union's payment of its officers' legal fees after union member "filed suit under Title V of the LMRDA . . . to prohibit union payment of the officers' counsel fees in [a separate] suit").

6

(Appellant's Supp. Reply Br. at 7.)  We rejected a similar argument in <u>Pressman-Gutman</u>. In that case, the plaintiff employer argued that the District Court's order appointing a guardian ad litem for its profit-sharing plan constituted an injunction under § 1292(a)(1) because that ruling was "intended to prevent adverse effects upon the Plan's avenues for obtaining relief" in the litigation and thus was designed "to protect the substantive relief sought." <u>In re Pressman-Gutman</u>, 459 F.3d at 392 (quotation marks omitted).  We rejected that argument because "[s]uch a broad reading of section 1292(a)(1) would undermine the limited exception to the final judgment rule that section 1292(a)(1) carves out." <u>Id.</u> at 393.  We reject Averhart's argument in this case for the same reason.[5]

For these reasons, we will dismiss this appeal for lack of appellate jurisdiction. Averhart's motion for a stay of proceedings in the District Court or an injunction pending appeal is denied.

---

[5] Averhart has not argued that the District Court's ruling is appealable under 28 U.S.C. § 1291 and the collateral order doctrine, but we have considered that possibility and conclude that it is not.  The District Court's ruling did not determine (conclusively or otherwise) whether the union entities' payment of their officers' legal fees is authorized under the contracts and provisions of law on which Averhart relies.  <u>See</u> <u>In re Pressman-Gutman</u>, 459 F.3d at 395 (collateral order must, inter alia, "conclusively determine the disputed question") (quotation marks omitted).